## HOGG et al. v. UNITED STATES.
### No. 6300.

Circuit Court of Appeals, Fifth Circuit.
Dec. 1, 1931.

968

Paul L. Lindsay, of Atlanta, Ga., and T. Baldwin Martin, of Macon, Ga., for appellants.

W. A. Bootle, U. S. Atty., and Fred W. New, Asst. U. S. Atty., both of Macon, Ga.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

The appellants, Johnson, Cutcliff, and Hogg, were convicted upon an indictment in three counts for violations of the National Prohibition Act. The first count charges a conspiracy to possess and to transport, the second the unlawful possession of, and the third the unlawful transportation of, the same intoxicating liquor for beverage purposes. They all assign as error the refusal of the trial court to direct a verdict of acquittal under the first or conspiracy count. Johnson admitted in his testimony at the trial that he was guilty as charged in the second and third counts, but as to these substantive counts also Cutcliff and Hogg complain of the court's refusal to instruct a verdict of not guilty. Rulings of the trial court on the admission and rejection of evidence are assigned as error, but it is not disclosed by the bill of exceptions that they were objected or excepted to during the trial. And so those rulings are not here for consideration. At the close of the evidence a motion was made to strike all the evidence of several witnesses, but it is not made to appear by the bill of exceptions that any objection or exception was made or taken at the time that testimony was offered. Aside from that, some of the testimony of each of those witnesses was clearly admissible. There was no error in overruling the motion to strike.

Johnson was arrested on April 24 1930, while transporting a large quantity of liquor by automobile. The government's evidence against Cutcliff tended to show that he was the owner of that automobile at the time of Johnson's arrest, and that Johnson was working for him at that time. Cutcliff purchased the automobile new in January, 1930. It bore a license tag when seized which had been taken out under an assumed or fictitious name, and was used by Cutcliff as late as March on a different automobile. Johnson testified that at the time of his arrest the automobile belonged to him, and that he bought it from Cutcliff in February. Cutcliff also testified, but without giving the date, that he sold that automobile to Johnson while the latter was working for him. But it was undisputed that no bill of sale was given, and according to the government's evidence Johnson admitted at the time of his arrest that he was still working for Cutcliff. That admission, of course, was not binding on Cutcliff, but it authorized the jury to reject Johnson's testimony. The case of Hogg depends entirely upon the circumstance that he became surety on Johnson's bail bond. At the time of doing so, according to evidence for the prosecution, he said, in response to a statement by a prohibition officer, to the effect that the bond of a named person had to be forfeited and that he wanted a good bond in Johnson's case, that the person named by that officer did not work for him. Hogg, while giving a somewhat different interpretation to that conversation, admitted that prior to his conviction for violating the prohibition laws in 1927 he and Cutcliff had trafficked in liquor in the Northern District of Georgia, but denied that since then, or ever in the Middle District where the offenses in the instant case were alleged to have been committed, he had been guilty of any violation of the National Prohibition Act. And in corroboration he testified to the undisputed fact that he had finished serving the sentence imposed upon him in 1927 only three or four days before he became surety on Johnson's bond. There was no testimony showing, or tending to show, that for a year or more he had seen or been in communication with either Johnson or Cutcliff. He further testified that he became surety on Johnson's bond at the request of the latter's aunt, who lived in Atlanta, and whom he had known for several years. The government insists that Johnson after his arrest referred to Hogg as his boss. This is clearly a misconception of the testimony, as the person to whom

Johnson is alleged to have so referred was shown by other parts of the record to be Cutcliff. However, that testimony, to whomever it referred, was inadmissible either against Cutcliff or Hogg, because at that time the conspiracy had been broken up, and the statement attributed to Johnson was nothing but hearsay.

In our opinion, there was evidence enough to prove the conspiracy count as against Johnson and Cutcliff. The jury could well have found that the automobile used in transporting the liquor remained the property of Cutcliff, and that Johnson, aside from his admission at the time of his arrest, was working for Cutcliff. The fact that the ownership of the license tag was concealed, and that it was used at one time by Cutcliff on an automobile which he claimed to own, and on the automobile found in Johnson's possession at the time of his arrest, would indicate that they were acting in concert. If they were, then it follows that Cutcliff as well as Johnson was guilty as charged in the substantive counts. 18 USCA § 550. Under this statute, Cutcliff would be guilty as a principal, although he was not present, if he turned his automobile over to Johnson with the knowledge that it would be used for the purpose of illegally transporting liquor. The circumstance that Hogg became surety on Johnson's bond is all that there is against him. It is not enough to sustain his conviction. His previous connection with Cutcliff in another district had long since come to an end, and there is not the slightest evidence that it had ever been renewed, or even that there had been an opportunity to renew it. His alleged admission to the prohibition agent was without weight, for there was an utter absence of proof connecting him with the corpus delicti. Apparently he was convicted solely upon his previous record.

The judgment is affirmed as to Johnson and Cutcliff. It is reversed as to Hogg, with direction to grant him a new trial.